UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MILLER HENLEY | § | |
| | § | |
| Pro se, Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-cv-1764 |
| | § | |
| JP MORGAN CHASE BANK, N.A. | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant JPMorgan Chase Bank, N.A. ("JPMC" or "Defendant") files its Notice of Removal of this action from the 95th Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division, the Court for the District and Division encompassing the place where the lawsuit is currently pending. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support hereof, Defendant shows this Court as follows:

1. On May 2, 2014, Plaintiff Miller Henley ("Plaintiff") commenced an action against JPMC in the 95th Judicial District Court of Dallas County, Texas, styled *Miller Henley, Pro Se v. JP Morgan Chase Bank, N.A.,* Cause No. DC-14-04744, by filing an Original Petition (the "Complaint").

2. Removal is timely because thirty (30) days have not elapsed since the defendant was served with a summons or citation. 28 U.S.C. §1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day deadline to remove begins on the date the summons or citation is served even if the complaint is received at a prior date).

3. JPMC is, contemporaneously with the filing of this Notice, giving written notice of filing of this Notice of Removal with the clerk of the 95th Judicial District Court of Dallas County, Texas, and will serve a copy of the Notice of Removal on Plaintiff.

4. In accordance with Local Rule 81.1, attached as Exhibit "A" is an index of all documents that clearly identifies each document and indicates the date the document was filed in state court; attached as Exhibit "A-1" is a copy of the docket sheet in the state court action; and, attached as Exhibit "A-2" through "A-8" is each document filed in the state court action, individually tabbed and arranged in chronological order according to the state court file date. JPMC has also filed contemporaneously with this Notice a civil cover sheet, a supplemental civil cover sheet, and a separately signed certificate of interested persons and disclosure statement that complies with Local Rule 3.1(c) and Rule 7.1 of the Federal Rules of Civil Procedure.

5. In accordance with Local Rule 3.3, Defendant has attached as Exhibit "B" a Notice of Related Case.

### GROUND FOR REMOVAL: DIVERSITY

6. This Court has original jurisdiction over this case under 28 U.S.C. § 1332 because this is a civil action between citizens of different States where the matter in controversy exceeds $75,000.

(a) **The Amount in Controversy Exceeds the Federal Minimum Jurisdictional Requirements.**

7. Plaintiff alleges causes of action for fraud, breach of contract, and breach of fiduciary duty. He claims JPMC unreasonably delayed release of insurance proceeds to rebuild the property located at 5320 Reiger Avenue, Dallas, Texas 75214 (the "Property") and that JPMC now seeks to foreclose on the Property. Due to these alleged delays, Plaintiff seeks damages and injunctive relief to enjoin JPMC from foreclosing on the Property. The Property

has a current fair market value of $196,710 according to the Dallas Central Appraisal District. "In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). In "actions … preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy." *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013).

8. In addition to injunctive relief, Plaintiff seeks actual damages for loss of rent and loss of recoverable depreciation due to JPMC's alleged delays in releasing the insurance funds. *See* Ex. A-2. He seeks $30,000 for the loss of recoverable depreciation and $60,000 in lost rent. *See* Exs. A-2 and A-3 at p.3. Additionally, Plaintiff indicated that he is seeking damages over $100,000 but not more than $200,000 on the Civil Case Information Sheet filed with his Complaint. *See* Ex. A-4. Accordingly, the amount in controversy in this matter meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs.

(b) **Complete Diversity between Plaintiff and Defendant Exists.**

9. Plaintiff was at the time of the filing of this action, has been at all times since, and is still an individual resident citizen of the State of Texas. For diversity purposes, an individual is a citizen of the state of his domicile, which is the place of his true, fixed, and permanent home and principal establishment, to which he has the intention of returning home whenever he is absent therefrom. *See Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). Accordingly, Plaintiff is a citizen of Texas.

10. Under the diversity statute, a national banking association is deemed a citizen of the state in which it is located. 28 U.S.C. § 1348. For purposes of 28 U.S.C. § 1348, a national bank is a citizen of the state in which its main office, as set forth in its articles of association, is located. *See Wachovia Bank, N.A. v. Schmidt*, 126 S. Ct. 941 (2006). Defendant JPMC is a

national association with its main office, as designated by its articles of association, in Columbus, Ohio. Accordingly, JPMC is a citizen of Ohio.

11. Accordingly, because the amount in controversy exceeds $75,000 and Plaintiff is a citizen of Texas while Defendant is a citizen of Ohio, this Court has original jurisdiction over the present action pursuant to 28 U.S.C. § 1332. Removal is therefore proper.

WHEREFORE, Defendant prays that the above-described action now pending in the 95th Judicial District Court of Dallas County, Texas be removed to this Court.

Respectfully submitted,

/s/ Wm. Lance Lewis
WM. LANCE LEWIS
Texas Bar No. 12314560
ANNA S. DOSS
Texas Bar No. 24074147
**QUILLING, SELANDER, LOWNDS,**
  **WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
(214) 871-2100 (Phone)
(214) 871-2111 (Fax)
llewis@qslwm.com
adoss@qslwm.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

This is to certify that on May 14, 2014, a true and correct copy of the foregoing pleading has been furnished to Plaintiff via certified mail, return receipt requested, in accordance with the Federal Rules of Civil Procedure, at the address indicated below:

Miller Henley
5255 Bonita Avenue
Dallas, Texas 75206
*Pro se Plaintiff*

/s/ Wm. Lance Lewis
Wm. Lance Lewis